IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JERRY HEFLIN & APRIL ROBERTSON-HEFLIN | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   Civil Action No. 3:24CV232 (RCY) |
| PHH MORTGAGE CORPORATION, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

Plaintiffs Jerry Heflin and April Robertson-Heflin, proceeding *pro se*, filed this action against PHH Mortgage Corporation[1] d/b/a/ PHH Mortgage Services ("PHH") and McCabe Weiberg and Conway ("MWC"). Plaintiffs allege Defendants failed to comply with certain loss mitigation procedures set forth in Regulation X, 12 C.F.R. § 1024, of the Real Estate Settlement Procedures Act (RESPA)[2] by engaging in dual tracking. The case is presently before the Court on Defendants' Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6). PHH Mot. Dismiss, ECF No. 3; MWC Mot. Dismiss, ECF No. 6. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, the Court finds that Plaintiffs fail to state a claim upon which the Court can grant legal relief. As such, the Court must dismiss Plaintiffs' Complaint.

---

[1] Improperly named as PHH Mortgage Services in Plaintiffs' Complaint. Not. Removal at 1, ECF No. 1.

[2] 27 U.S.C. §§ 2601, *et seq.*

## I. PROCEDURAL HISTORY

This case was originally brought in the Circuit Court of Spotsylvania, Virigina on December 28, 2023. Not. Removal 1, ECF No. 1.[3] With the consent of MWC, PHH removed the action to federal court on March 29, 2024. *Id.* at 2; Removal Consent, Ex. C, ECF No. 1-3. Defendants filed their Motions to Dismiss and Memoranda in Support thereof on April 5, 2024. PHH Mot. Dismiss; PHH Mem. Supp., ECF No. 4; MWC Mot. Dismiss; MWC Mem. Supp., ECF No. 7. Plaintiffs filed their response[4] on May 8, 2024. Resp., ECF No. 8. On May 10, 2024, both Defendants filed their replies wherein Defendants argued Plaintiffs' Response should not be considered by this Court because the Response was untimely and included additional facts not previously included in the Complaint. *See* PHH Reply, ECF No. 9; MWC Reply, ECF No. 11. In response to Defendants' replies, Plaintiffs filed what this Court construed to be a Motion for Leave to File Late Response, ECF No. 12, which this Court granted. Mot. Leave Order, ECF No. 13. As a result, Defendants had an opportunity to file amended replies. On May 24, 2024, PHH filed an Amended Reply, PHH Am. Reply, ECF No. 14, and on May 27, 2024, MWC filed its Amended Reply, MWC Am. Reply, ECF No. 15.

Later, Plaintiffs filed an emergency Letter Motion, Letter Mot., ECF No. 16, which this Court denied based on the available remedies in a RESPA dual tracking action. Letter Mot. Order, ECF No. 17.

---

[3] This Court uses the pagination assigned by the CM/ECF system.

[4] Although Plaintiffs titled the document as "Response to PHH Mortgage Notice of Removal," the Court construes the document, based on its content, as a Response to Defendants' Motions to Dismiss. PHH Mot. Dismiss; MWC Mot. Dismiss. The Court also acknowledges that Plaintiffs introduce new facts about the case in their Response; however, to the extent Plaintiffs attempt to amend their Complaint, they are barred from doing so via briefing. *Hurst v. District of Columbia*, 681 F. App'x 186, 194 (4th Cir. 2017); *see also Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

## II. FACTUAL ALLEGATIONS

Plaintiffs had a home at 705 Sherwood Lane, Fredericksburg, VA 22407, which was subject to a mortgage serviced by Defendant PHH. *See* St. Ct. R. at 8–21, ECF No. 1-1.[5] Prior to November 16, 2023, Plaintiffs submitted an application to prevent the foreclosure of their home. *Id.* at 11. On November 16, 2023, Plaintiffs received a "letter of under review," and on November 23, 2023, Plaintiffs called and spoke with a PHH representative. *Id.* During their conversation, the PHH representative stated she would extend the foreclosure until January 1, 2024, based on the November 16th letter. *Id.* Despite the PHH representative's assurance, the foreclosure date was not moved. *Id.* Plaintiffs became aware of the impending foreclosure sale on November 30, 2023, and called both the "trustee's[6] office" and the "lender's[7] office". *Id.* at 14. However, no one "could answer what to do" and neither "the relationship manager [n]or the escalation team" were available to speak to Plaintiffs. *Id.*

As a result, Defendant MWC sold Plaintiffs' home at 10:00 a.m. on December 1, 2023, at the Spotsylvania County Courthouse. *Id.* at 11. Plaintiffs requested transcripts of their phone calls with PHH from November 23rd, 30th, and December 1st, 2023, but had not received the transcripts as of March 29, 2024. *Id.* at 11–12.

## III. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint." *Megaro v.*

---

[5] PHH attached the entire state court record as Exhibit A to the Notice of Removal. Within that, the Court identifies pages 8–13 as the Complaint, pages 14–21 as exhibits to the Complaint, pages 23–34 as Defendant MWC's Demurrer, and pages 35–44 as MWC's Motion for Leave to Late File Demurrer, with attachments. The remaining pages comprise miscellaneous state court docket materials and service notices. For ease of reference, the Court cites to the entirety as the "State Court Record" and provides specific pincites within that.

[6] The Court infers that this is a reference to Defendant MWC, based on references elsewhere in the attachments to the Complaint to MWC as "[PHH's] trustee," *see* St. Ct. R. at 11, 16, though the Court acknowledges MWC's factual dispute as to whether or not it held the role of trustee, *see* MWC Mem. Supp. ¶ 7, ECF No. 7.

[7] The Court similarly infers that this is a reference to PHH, although the records attached to the Complaint only establish that PHH was the loan servicer, not necessarily the lender/loan originator.

*McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).  Federal Rule of Civil Procedure 8 only requires that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The plaintiff's well-pleaded factual allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff.  *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added) (citing *Twombly*, 550 U.S. at 556).  Notably here, a *pro se* complaint is "to be liberally construed" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).  "But liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure," *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), nor does it require the Court to discern the unexpressed intent of a plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategy for a party," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  So, a *pro se* complaint "must nevertheless set forth enough facts to state a claim." *Erwin v. FedEx Freight, Inc.*, 2023 WL

5959422, at *2 (E.D. Va. Sept. 13, 2023). "Labels and conclusions," a "formulaic recitation of the elements," and "naked assertions" without factual enhancement are insufficient. *Iqbal*, 556 U.S. at 662, 678.

## IV.  DISCUSSION

Plaintiffs allege Defendants "did violate the RESPA laws and committed dual tracking" with respect to Plaintiffs' home. St. Ct. R. at 11. The Court understands (as Defendants clearly do, as well) this to be an allegation that Defendants violated Regulation X of RESPA, specifically the "dual tracking" provision of 12 C.F.R. § 1024.41, which generally prohibits foreclosing on a house while a loss mitigation application is pending. Plaintiffs' claim rests on the facts that their home was sold at foreclosure auction despite PHH's assurance that the foreclosure would be rescheduled and further based on the "under review" letter, dated November 16, 2023. *See* St. Ct. R.. 11–12; *see also id.* at 20 (letter from PHH dated "11/16/2023" acknowledging receipt of Plaintiffs' "Mortgage Assistance Application" and informing them that said application was pending review for completeness and otherwise advising as to "Next Steps"). Plaintiffs seek recission of the foreclosure, reinstatement of their loan, and damages based on loss of income, costs related to renting a storage unit, and emotional distress. St. Ct. R. at 12.

Broadly speaking, Defendants argue that Plaintiffs' Complaint fails to state a claim under RESPA, Regulation X, because it fails to allege that Plaintiffs submitted a complete application or otherwise timely filed their loss mitigation application and fails to allege actual damages. *See* PHH Mem. Supp. 5–7; MWC Mem. Supp. 5–7.

For the reasons stated below, the Court will dismiss Plaintiffs' Complaint.

### A. Plaintiff Fails to State a Claim under RESPA for Dual Tracking

Plaintiffs fail to state a claim because they do not allege in their Complaint that they

submitted a complete loss mitigation application more than thirty-seven days before the foreclosure sale. *See* 12 C.F.R. § 1024.41(g); *Mastin v. Ditech Fin., LLC*, 2018 WL 524871, at *7–8 (E.D. Va. Jan. 23, 2018). Regulation X of RESPA, 12 C.F.R. § 1024.41(g), prohibits "dual tracking" when:

> a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless:
>
> > (1) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied;
> >
> > (2) The borrower rejects all loss mitigation options offered by the servicer; or
> >
> > (3) The borrower fails to perform under an agreement on a loss mitigation option.

12 C.F.R. § 1024.41(g).[8]

For a plaintiff to successfully state a claim under Regulation X, 12 C.F.R. § 1024.41 (g), she must allege "enough facts to state a claim to relief that is plausible on its face," that is: (1) a complete loss mitigation application was submitted; (2) such application was submitted at least thirty-seven days before the foreclosure sale; and (3) the three exceptions under 12 C.F.R. § 1024.41(g) do not apply.

---

[8] A Defendant may also violate Regulation X under 12 C.F.R. § 1024.41(f)(2), which prevents a servicer from beginning mortgage proceedings if a complete loss mitigation application is filed before the first notice of filing of any judicial or non-judicial foreclosure proceedings. *See* 12 C.F.R. § 1204.41(f)(2). However, because it appears from the Complaint that the foreclosure action was already underway, 12 C.F.R.§ 1024.41(g) is the appropriate cause of action.

There is a distinction between a complete, incomplete, and a "facially complete" loss mitigation application. *See* 12 C.F.R. § 1024.41. A complete loss mitigation application is "an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower." *Id.* § 1024.41(b)(1). An application may be considered "facially complete" if "upon learning that the application is incomplete, a borrower submits 'all the missing documents and information' initially identified by the servicer." *Kurgan v. Select Portfolio Servicing, Inc.*, 2020 WL 13607717, at *7 (E.D. Va. Sept. 24, 2020) (quoting 12 C.F.R. § 1024.41(c)(iv)). In the event the servicer of the loan later determines that additional information is needed, "a 'facially complete' application is treated as 'complete' 'until the borrower is given a reasonable opportunity' to respond to the additional request for information." *Id.* (citing *Jennings v. Roundpoint Mortg. Servicing Corp.*, 2018 WL 5929675, at *7 (E.D. Va. Oct. 10, 2018)).

In this case, Plaintiffs failed to allege that they (1) submitted a complete loss mitigation application; (2) that it was submitted thirty-seven days prior to foreclosure; and (3) that none of the exceptions apply in their case. Plaintiffs' home was foreclosed upon on December 1, 2023, meaning a complete loss mitigation application needed to have been submitted to PHH no later than October 25, 2023. Although Plaintiffs attached to their Complaint two letters from PHH—the first dated November 6, 2023, and the second dated November 16, 2023—both confirming receipt of a "Mortgage Assistance Application" and indicating that such application was pending completeness review, *see* St. Ct. R. at 20–21, the letters do not reflect *when* Plaintiffs submitted the Mortgage Assistance Application(s) at issue. As such, there are no facts alleged to support that a complete loss mitigation application was submitted thirty-seven days prior to the foreclosure. Therefore, the Court finds that absent "a clear timeline defining when the application was

7

submitted," the Complaint "does not plead facts which would allow a court to go beyond mere speculation or to draw a reasonable inference that Defendants are liable for the alleged misconduct." *Mastin*, 2018 WL 524871, at *9.[9]

## B. Plaintiffs Fail to State a Claim Under RESPA Against MWC

Separate and apart from its factual deficit, the Complaint also fails to state a claim against MWC because—even accepting Plaintiffs' allegation that MWC is the trustee for Plaintiffs' mortgage, *see supra* n.6; MWC Mem. Supp. ¶ 7, ECF No. 7—a 12 C.F.R. § 1024(g) RESPA action may only be brought against a "servicer"[10] of the loan, not the trustee. *See* St. Ct. R. at 10–12, 14; *Bryant v. Wells Fargo Bank, Nat'l Ass'n*, 861 F. Supp. 2d 646, 660–61 (E.D. N.C. 2012) (finding that a substitute trustee did not qualify as a servicer under 12 C.F.R. § 1024(g)); *Kurgan*, 2020 WL 13607717, at *7 (dismissing two defendants who did not qualify as servicers because neither defendant held the mortgage as the lien holder or owner of plaintiff's loan); *Farber v. Brock & Scott, LLC*, 2016 WL 5867042 at *3 (N.D. W.Va. Oct. 6, 2016) (finding that a substitute trustee did not qualify as a servicer under 12 C.F.R. § 1024.41(g)). Plaintiffs' allegations against MWC amount simply to the fact that "[MWC] sold [Plaintiffs'] home at 10AM at [the] Spotsylvania County Courthouse" and that "PHH Mortgage and [MWC] Trustee-Michael Cantrell failed to honor the extension of January 1, 2024." St. Ct. R. at 11. Because MWC is not a servicer subject to suit under 12 C.F.R. § 1024(g) and the Complaint states no other independent basis for liability against MWC, the Court must separately grant MWC's Motion to Dismiss, on that ground.

---

[9] Because Plaintiffs' claim fails here, the Court does not address the matter of damages under Regulation X other than to note that a plaintiff must sufficiently allege that they suffered damages "as a result of the alleged RESPA violation, or that [they] [are] entitled to statutory damages based on the defendant's alleged 'pattern or practice of noncompliance' with RESPA requirements." *Kurgan*, 2020 WL 13607717, at *8.

[10] A "servicer" is defined as "a person responsible for the servicing of a federally related mortgage loan." 12 C.F.R. § 1024.2; *see Kurgan*, 2020 WL 13607717, at *6.

## V.  CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6).  Because nothing can change MWC's status as a non-servicer of Plaintiffs' mortgage loan, the Court finds that any attempt at amendment as to MWC would be futile, and thus the Court will grant MWC's Motion to Dismiss with prejudice.  With respect to PHH, however, because it is *not* similarly clear that amendment would be futile, the Court only grants PHH's Motion to Dismiss without prejudice.  Further, out of deference to Plaintiffs' *pro se* status, the Court will grant Plaintiffs limited leave to amend as to PHH before dismissing the action.  *See King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016) (explaining that, where a *pro se* plaintiff has failed to state a claim to relief that is plausible on its face, district courts should dismiss without prejudice, give leave to amend, or explain why amendment would be futile).  An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: March 6, 2025
Richmond, Virginia